## ANNA M. O'DOUGHERTY, RESPONDENT, *v.* REMINGTON PAPER COMPANY, APPELLANT.

*Admeasurement of dower — question as to whether a specific parcel of land can be set aside — at what time and in what manner it must be determined — the rights of all the parties must be considered — Code of Civil Procedure, sec.* 1619.

In this action, brought to recover dower in certain real estate claimed to be owned by and to be in the possession of the defendant, defenses were interposed, to hear, try and determine which a reference was ordered. In the pleadings there was no issue joined as to the practicability of an actual admeasurement of a specific portion of the land to the plaintiff for her dower, the only allusion thereto being in the alternative relief demanded in the plaintiff's prayer for judgment. Upon the trial the referee, against the objection and exception of the defendant, received evidence tending to show that the property was so situated that a distinct parcel could not be admeasured to the plaintiff without injury to her rights, and upon the evidence so received found that a distinct parcel of the property could not be admeasured to the plaintiff without material injury to her interests, and directed that the premises be sold.

*Held,* that the question of the practicability of an actual admeasurement of the plaintiff's dower was not one to be tried by the referee, and that the direction for the sale of the property being unauthorized should be stricken from the report.

Although, in the case of a trial by the court, the question of actual admeasurement of dower might be investigated and decided so that the rights of the parties, and the necessity of a sale and the interlocutory judgment, could all be determined on a single hearing, yet this course could seldom be pursued as the feasibility of an actual partition could not generally be denied without a visible examination of the lands by the court, referee or commissioners, and for the further reason that as the possibility of an actual partition might often greatly depend upon the rights of the several parties, as determined on the trial, the question could not be intelligently considered until such determination had been made.

In all cases (except, perhaps, when the trial is by the court, which finally orders the interlocutory judgment), a reference must be had to ascertain whether actual admeasurement or partition can be made, after a decision of the referee as to the rights of the parties under the issue and before the judgment declaring such rights is entered.

In order to authorize a sale of the property it must be shown that a distinct parcel of the property cannot be admeasured and laid off to the plaintiff, as tenant in dower, "without material injury to the interests of the parties." It is not sufficient to show that one of the parties would be injured by an actual partition.

MOTION by the defendant for new trial after the entry of an interlocutory judgment under section 1001 of the Code of Civil Procedure, and also an appeal by the defendant from an order refusing to appoint a referee to admeasure dower to plaintiff in the lands described in the complaint.

The action was brought by plaintiff, as widow of one Patrick O'Dougherty, deceased, to recover dower in land which he had owned during coverture. This land had been sold upon execution sale against Patrick during his lifetime, and had been purchased by and was in the possession of defendant. After the commencement of the action the plaintiff duly made and filed her consent, in writing, to accept a gross sum in satisfaction of her dower right, under the provisions of section 1617 of the Code of Civil Procedure. The defendant's answer admitted plaintiff's right to recover dower, but it sought to counter-claim, against plaintiff's dower interest, various mortgages and judgments, which the defendant alleged it held against plaintiff. The cause was referred to a referee, to hear, try and determine the same, and all the issues therein. Upon the

trial the referee, under the objection of defendant, received evidence that the property was so situated that a distinct parcel could not be admeasured and laid off to plaintiff, as tenant in dower, without injury to her rights, and upon this testimony so found in his report. The referee directed that before entry of an interlocutory judgment a reference be had, under section 1621 of the Code, to ascertain whether any person not a party had a lien upon the property, and upon the coming in of such report that an interlocutory judgment of sale be entered. The defendant thereupon applied at Special Term for the appointment of a referee to admeasure plaintiff's dower, which application was denied. A reference was had, in accordance with the decision of the referee, to ascertain whether any person, not a party, had a lien on the premises, and upon the coming in of the referee's report it was confirmed, and interlocutory judgment was entered. The defendant appealed from the order denying the application for the appointment of a referee to admeasure plaintiff's dower, and makes a motion for a new trial at the General Term, under section 1001 of the Code of Civil Procedure.

*Elon R. Brown,* for the appellant.

*O'Brien & Emerson,* for the respondent.

BOARDMAN, J. :

This action was brought to recover dower in certain real estate claimed to be owned by and in the possession of the defendant. Defenses were interposed and a reference had to hear, try and determine the same. In the pleadings there is no issue joined as to the practicability of an actual admeasurement of a specific portion of the land to plaintiff for her dower. The only allusion thereto is in the alternative relief demanded in plaintiff's prayer for judgment.

We, therefore, conclude it was not a matter to be tried under the order of reference, and that the evidence offered and admitted should have been rejected. Such error, however, need not involve an entire new trial. The interlocutory judgment must be reversed, and the fourth finding of law be stricken from the report, as unauthorized and unwarranted. The defendant's exception to this third conclusion of law must be sustained.

It follows, as a consequence of this decision, that the court has not been legally shown "that a distinct parcel cannot be admeasured and laid off," as is required by section 1619 of the Code, before it may, by judgment, direct the property to be sold at public sale. Undoubtedly, in case of a trial by the court, the question of actual admeasurement of dower could be investigated and decided, so that the rights of the parties and the necessity of a sale and the interlocutory judgment could all be determined on a single hearing. The course we apprehend could not often be practical, since the feasibility of an actual partition could not generally be denied without a visible examination of the lands by the court, referee or commissioners. Indeed the possibility of an actual partition might often greatly depend upon the rights of the several parties as decided by the referee on the trial, and until such rights were so determined the question could not be intelligently considered. We think, therefore, that the practice requires in all cases, except, perhaps, where the trial is by the court which finally orders the interlocutory judgment, a reference to ascertain whether actual admeasurement or partition can be made, after a decision of the referee as to the rights of the parties under the issue, and before the judgment declaring such rights.

The sixth finding of fact does not conform to the requirements of section 1619, in that it does not find and decide " whether a distinct parcel of the property can be admeasured and laid off to the plaintiff, as tenant in dower, without material injury to the interests *of the parties.*" It is not sufficient that one of the parties would be injured by an actual partition. The rights of all parties are to be looked after and protected, and if a division of the land cannot be made without material injury to the interests of all the parties, a sale may be had. Here there is an especial reason why a sale should not be ordered if it can reasonably and fairly be avoided. The plaintiff has a very slight interest in a property of very con siderable value given to it by improvements made by defendant, in which plaintiff has no dowable interest. The defendant has considerable claims by way of judgment against the plaintiff, which should be paid out of plaintiff's interest in these lands or otherwise. The plaintiff is insolvent. A sale might result in a serious injury to a manufacturing industry and to defendant's stockholders, without

corresponding advantage to plaintiff.    The defendant, therefore, has a right to demand that its interests, as well as plaintiff's, should be considered before a sale is ordered of the lands in question.

We conclude that the interlocutory judgment should be reversed, and that the Special Term proceed to appoint a referee or commissioner to ascertain whether plaintiff's dower can be admeasured by actual partition.    The defendant should have costs of this appeal to be paid by plaintiff.

For the same reasons it follows that the order denying defendant's motion for the appointment of a referee or commissioner to admeasure plaintiff's dower, or to ascertain whether it could be admeasured, should be reversed and said motion granted, and the court at, Special Term, will appoint such referee or commissioner under these decisions, upon due and proper notice.    No costs are allowed upon the appeal from the order.

HARDIN, P. J., and FOLLETT, J., concurred.

Interlocutory judgment reversed, and Special Term directed to proceed and appoint a referee or commissioners, to ascertain whether plaintiff's dower can be admeasured by actual partition.    Costs of appeal allowed defendant, to be paid by plaintiff.    Also, order reversed and motion granted, and the Special Term directed to appoint a referee or commissioners, upon proper notice and application therefor, without costs on appeal from the order.